IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS DEON JOHNSON, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:06-CV-0766-K (BF) |
| ) | ECF |
| LUPE VALDEZ, et al., ) | Referred to U.S. Magistrate Judge |
|     Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge. The Motion to Dismiss of Defendant Lupe Valdez, Dallas County Sheriff ("Sheriff"), filed November 17, 2006, is before the Court for consideration. On December 4, 2006, Plaintiff Marcus Deon Johnson ("Plaintiff") filed an "Objection" to the Motion to Dismiss. After reviewing the motion and objection together with the applicable law, the Court recommends that the Sheriff's Motion to Dismiss be GRANTED. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**I.   Background**

On April 27, 2006, Plaintiff filed this civil action under 42 U.S.C. § 1983 alleging the Sheriff violated his constitutional rights by failing to properly train certain Dallas County Sheriff's Department Officers ("DCSD Officers")[1] who allegedly used excessive force in restraining him in his cell at the Dallas County Jail ("the Jail"). Plaintiff also claims the DCSD Officers violated his constitutional rights by using excessive force in restraining him. (Compl.) Plaintiff alleges that the incident occurred at the jail on November 14, 2005. (*Id.*)

---

[1] The DCSD Officers were originally unnamed but have since been identified as Alvena Turner, Andre Evans, James Westbrook, and Thomas Jacobson.

## II. <u>Standard of Review</u>

A motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) is viewed with disfavor and is rarely granted. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the face of the pleadings. *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Dismissal is warranted if a plaintiff has (1) been given the opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim. *See Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986) (recognizing that dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (assuming that the specific allegations of the amended complaint constitute the plaintiff's best case).

III.     Qualified Immunity

The Sheriff contends that qualified immunity entitles her to dismissal of the complaint against her. Qualified immunity protects public officials in the course of performance of their discretionary duties unless their conduct violates "clearly established [federal] statutory or constitutional [law] . . . of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987).  The qualified immunity defense is intended to balance the need to stem abuses of office with the expense of litigation, the diversion of official energy from pressing public issues, and deterrence from government service. *Harlow*, 457 U.S. at 818. *See also Scheuer v. Rhodes,* 416 U.S. 232, 247 (1974).  It protects these competing interests while allowing trial courts to resolve "insubstantial claims" before discovery and trial. *Harlow*, 457 U.S. at 818. *See also Elliott v. Perez,* 751 F.2d 1472, 1478 (5th Cir.1985) (noting *Harlow* recognized officials are entitled to be free from "overwhelming preliminaries of modern litigation" until the court considers the right to immunity).

The threshold inquiry for the Court in ruling on the issue of qualified immunity follows: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001)(citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).  Then, the Court must determine whether the official's conduct was objectively reasonable under the circumstances.  *See Siegert*, 500 U.S. at 231.

Plaintiff has clarified the factual allegations of his complaint by answering a questionnaire. *See Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994) (requiring further development of insufficient factual allegations before dismissal under § 1915(d) is proper); *Watson v. Ault,* 525 F.2d 886, 892-93 (5th Cir.1976) (affirming use of questionnaire as useful and proper means for court to develop

3

factual basis of *pro se* plaintiff's complaint). Additionally, Plaintiff has filed a Reply pursuant to FED. R. CIV. P. 7(a). In his Reply, Plaintiff alleges that the Sheriff failed to respond to his reports that he had been assaulted, failed to give him the names of the DCSD Officers or report the incident to Internal Affairs, and failed to discipline the DCSD Officers. Plaintiff's Reply alleges only facts that occurred after the excessive force incident. None of the alleged deficiencies states a constitutional right violation of which a reasonable person in the Sheriff's position would have known. Therefore, Plaintiff does not state a claim pursuant to 42 U.S.C. § 1983 that would overcome the defense of qualified immunity.

In his Complaint, Plaintiff alleges that the Sheriff failed to "properly train, screen, and control subordinate officers" who used excessive force in restraining him in his cell at the Dallas County Jail. Courts address the issue of qualified immunity first because when it is applicable, qualified immunity protects public officials from both the recovery of damages and from trial.[2] *Harlow*, 457 U.S. at 818.

In his Objection to the Sheriff's Motion to Dismiss, Plaintiff states that a law enforcement officer who fails to intervene if he has the opportunity to prevent another's use of excessive force may be liable. However, Plaintiff has admitted in answers to a Questionnaire that the Sheriff was not present during the incident in question and that he is not claiming that the Sheriff personally

---

[2] Although the Sheriff also alleges that Plaintiff has not exhausted his administrative remedies, the Court may dismiss a claim as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies). *Tamez v. Nueces County Jail*, 2006 WL 2583376, *2 n.3 (N.D. Tex. Aug. 31, 2006)

participated in the alleged violation of his civil rights. (Quest., Ans. 2 & 3.) Plaintiff fails to allege facts to show that the Sheriff could have intervened.

Plaintiff argues in his objection that the Sheriff was involved in a conspiracy, but he has failed to allege any facts to show a conspiracy including when it was formed, who was involved, where meetings took place, what its purpose was, and how it was to be carried out. "Mere conclusory allegations of conspiracy cannot, absent reference to material facts," state a claim of conspiracy under 42 U.S.C.A. § 1983. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (citations omitted).

To succeed against the defense of qualified immunity, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). To establish § 1983 liability against the Sheriff, Plaintiff must show that: (1) the Sheriff failed to supervise or train the DCSD Officers; (2) a causal connection existed between the failure to supervise or train the officers and the violation of Plaintiff's rights; and (3) the Sheriff's failure to supervise or train the DCSD Officers amounted to deliberate indifference to Plaintiff's constitutional rights. *See Bd. Of Co. Comm'r v. Bryan Co., Okl.*, 520 U.S. 297, 407 (1997); *City of Canton v. Harris*, 489 U.S. 378, 387 (1989); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).

Plaintiff makes only conclusory allegations with respect to the elements of his claim against the Sheriff. He fails to allege facts, which if proven, would show that (1) the Sheriff failed to train

5

the DCSD Officers; (2) the lack of training "caused" Plaintiff's injuries; and (3) the Sheriff was deliberately indifferent to fact that the lack of training might result in the DCSD Officers' alleged use of excessive force. Moreover, a plaintiff seeking recovery under a failure to train or supervise rationale must prove that the police chief (or, in this case, the Sheriff) failed to control an officer's "known propensity for the improper use of force." *See, e.g., Sims v. Adams*, 537 F.2d 829, 832 (5th Cir. 1976); *Chestnut v. City of Quincy*, 513 F.2d 91, 92 (5th Cir. 1975). Additionally, to prove deliberate indifference, a plaintiff must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Burge*, 336 F.3d at 370 (internal citations and quotations omitted). Plaintiff has alleged no facts to show that any of the guards had a "known propensity for the improper use of force." Further, he has not alleged any facts that show a pattern of similar violations. The facts alleged do not show that the Sheriff violated any of Plaintiff's clearly established rights of which a reasonable person would have known. Accordingly, the Sheriff is entitled to qualified immunity. The Sheriff's Motion to Dismiss pursuant to FED. R. CIV. P. 12 (b)(6) should be granted. In light of the dismissal, the Court need not consider the Sheriff's affirmative defense of Plaintiff's failure to exhaust his administrative remedies.

**IV.     Recommendation**

For the foregoing reasons, the Court recommends that the District Court grant the Sheriff's November 17, 2006 Motion to Dismiss and dismiss Plaintiff's claims against the Sheriff with

prejudice for failure to state a claim, based upon the Sheriff's qualified immunity.

Signed, July 5, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).