IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS DEON JOHNSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:06-CV-766-K |
| ) | ECF |
| THOMAS JACOBSON, ANDRE EVANS, ) | |
| JAMES WESTBROOK, and ALVENA ) | |
| TURNER, ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court referred Defendants' Motion for Summary Judgment to the United States Magistrate Judge for Findings, Conclusions, and Recommendation.

**I**.

Plaintiff Marcus Deon Johnson ("Plaintiff"), proceeding *pro se*, filed this civil rights action against Dallas County Sheriff's Department Officers Thomas Jacobson ("Jacobson"), Andre Evans ("Evans"), James Westbrook ("Westbrook"), and Alvena Turner ("Turner") (collectively "Defendants") on April 27, 2006. Plaintiff claims that Defendants subjected him to excessive force, an unprovoked beating, and a violation of his statutory and constitutional rights. (Pl.'s Reply, doc. 121.)

Defendants filed their motion for summary judgment on September 20, 2007. (Doc. 106.) Defendants assert that: (1) Plaintiff fails to state an actionable claim under 42 U.S.C. § 1983 for the use of excessive force; (2) Plaintiff's claims are barred by the doctrine of qualified immunity; and (3) Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. (Defs.' MSJ at 9.) Plaintiff responded to the motion on December 3, 2007 and filed a motion for discovery on January 14, 2008. (Doc. 122-24, 130.) Defendants filed a reply on January 7, 2008. (Doc. 129.)

Plaintiff filed objections to the Reply on January 29, 2008. (Doc. 131.)

**II**.

Defendants contend that Plaintiff's claim should be dismissed without prejudice for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The terms of 42 U.S.C. § 1997e(a) provide:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This section applies to all prisoners who file suit for redress for prison circumstances or occurrences. *Porter v. Nussle*, 534 U.S. 516, 520 (2002). The requirement that a prisoner exhaust his administrative remedies by completing the grievance process before filing suit under 42 U.S.C. § 1983 or other federal law is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Even a prisoner who seeks only money damages is required to comply with this statute. *Booth*, 532 U.S. at 741. Further, a prisoner must exhaust his administrative remedies before he files suit. *Wendell v. Asher*, 162 F.3d 887, 889 (5th Cir. 1998). Nevertheless, the exhaustion requirement imposed by §1997e(a) is not jurisdictional and is subject to the defenses of waiver, estoppel, or equitable tolling. *Underwood v. Wilson*, 151 F.3d 292, 293-95 (5th Cir. 1998). A prison's administrative remedies are not "available" for purposes of the PLRA's exhaustion requirement when filing a grievance is personally unobtainable. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003).

Defendant currently provides a two-step procedure for presenting inmate grievances. *Burnett v. Robertson*, 3:01-CV-1284-P, 2001 WL 1577495 (N.D. Tex. Dec. 7, 2001) (adopting the

2

recommendation of the magistrate judge). The first step requires the prisoner to submit a grievance to any staff member. *Id*. After noting the date and time the grievance is received, the staff member must forward the grievance to the on-duty shift supervisor, who will in turn forward it to the Grievance Board for review. *Id*. After review and an investigation, if necessary, the Grievance Board will issue a written decision. *Id*. The inmate has five days after he receives the written decision of the Grievance Board to submit a written appeal to the Inmate Grievance Appeal Board. *Id*. The Appeal Board then reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. *Id*.

Taking Plaintiff's sworn affidavit as true, Plaintiff filed a written grievance on November 15, 2005. (Defs.' Ex. 6, App. 47.) The grievance shows that it was received by the Grievance Officer on February 3, 2006, and that the response was due February 20, 2006. (*Id*.) The Grievance Committee's response was dated March 21, 2006. Plaintiff was released to the Carrollton Police Department on November 19, 2005, and swears that he did not receive the response dated March 21, 2006. (Pl.'s app. 7.) A significant amount of time elapsed between the date Plaintiff's written grievance was filed, November 15, 2005, and the date the grievance was delivered to the Grievance Officer, February 3, 2006. Additionally, the Grievance Committee's response was dated over a month after the response due date. Plaintiff was release to another Police Department shortly after he filed the grievance.

Plaintiff is required to exhaust available grievances. Plaintiff swears that he followed the proper grievance procedure by submitting grievances to the staff members and that he never received the response of the Grievance Committee dated March 21, 2006. He claims this is the reason he did not file his step two grievance. A genuine issue of material fact exists with respect to whether

3

Plaintiff was denied access to the grievance procedure with respect to the claims before the Court. If Plaintiff proves his claims about exhaustion, the grievance remedy would be considered personally unobtainable, and hence, unavailable. Plaintiff could not be barred for failing to exhaust available remedies. Disputed issues of material fact exist with respect to exhaustion. Accordingly, Defendants' Motion for Summary Judgment should be denied to the extent that it is based upon Plaintiff's failure to exhaust his administrative remedies.

## III.

At all relevant times, Defendants were employed as officers of the Dallas County Sheriff's Department. On November 14, 2005, Plaintiff was transferred from the Cedar Hill Police Department and booked into the Dallas County Jail. Plaintiff, along with other inmates, was waiting in the holdover area to be processed before being moved into a cell. Plaintiff was waiting to use the telephone or using the telephone, when he had an altercation with Turner. Although the facts leading up to the altercation are disputed, Plaintiff admits that he cursed at Turner. Plaintiff was approached by Evans, Westbrook, and Jacobson who escorted Plaintiff, who was still angry and cursing them, to a single cell. Plaintiff began kicking the cell door.

## IV.

The parties' sworn statements of the facts begin to differ significantly at the point where Plaintiff began kicking on the cell door. Westbrook, Jacobson, and Evans swear that Plaintiff began spitting out of the cell door, but Plaintiff swears that he only threatened to spit on Evans. Plaintiff swears that Westbrook and Jacobson pretended that Plaintiff had spit on Evans, telling him, "He got you real good." According to Plaintiff, Evans, Turner, Westbrook, and Jacobson came back to the cell and gave him orders to get on the floor and put his hands on his head. Plaintiff claims that before

4

he could respond, Defendants rushed into the cell, grabbed him by various parts of his upper body, and forced him into the sitting position on the concrete bench. He claims that while he was in this position, Turner, Westbrook, and Jacobson restrained his upper body and arms while Evans repeatedly struck him in the face with a clenched, closed fist, and continued to strike him even after his nose started bleeding.

Turner swears that she remained in the holding area and did not participate in the take-down in the single cell. According to Evans, Westbrook, and Jacobson, Plaintiff refused the order to get down on the floor and to place his hands behind his head. He continued to struggle with the officers who were trying to restrain him. Once Plaintiff was on the floor, Defendants noticed that his nose was bleeding. Defendants contend they escorted Plaintiff to the nurse's station for examination and medical treatment. Plaintiff swears that he lost consciousness from the beating and regained consciousness at the nurse's station.

According to Evans, Westbrook, and Jacobson, the force they used against Plaintiff was reasonable and necessary to maintain institutional security and restore discipline, and they did not use any force against him maliciously or sadistically with the intent to cause harm. Defendants contend that they were acting in good faith and according to the policies of the Dallas County Sheriff's Office. Defendants aver that, in any event, they are entitled to judgment because Plaintiff cannot show that he suffered more than *de minimis* injuries. Parkland Hospital Records show that Plaintiff suffered a concussion for which Motrin was prescribed.

## V.

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.

5

Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material, and only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners, Inc.,* 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994)(citing *Anderson* , 447 U.S. at 249). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Plaintiff in this case is proceeding *pro se*; therefore, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The terms of 28 U.S.C. § 1746 govern verification of an unsworn complaint. A plaintiff may declare under penalty of perjury that the

6

factual allegations contained in the pleading are true and correct. *See* 28 U.S.C § 1746. The factual allegations of the verified complaint are endowed with the evidentiary force of an affidavit. *Id.* Plaintiff's answers to the United States Magistrate Judge's questionnaire are likewise endowed with the evidentiary force of an affidavit because they are verified under penalty of perjury. *See* 28 U.S.C. § 1746. When a *pro se* plaintiff properly executes a complaint or other pleadings which call for a declaration in conformity with 28 U.S.C § 1746, the plaintiff's statements are transformed from mere allegations of a pleading into specific facts as if they were in an evidentiary affidavit. *Searcy v. Cooper*, 2002 WL 535058 (N.D. Tex.), (citing *McNeal v. Macht*, 763 F. Supp. 1458, 1461 (E.D. Wis. 1991)) (citing *Murrell v. Bennett*, 615 F.2d 306, 310 & n. 5 (5th Cir. 1980). Therefore, a plaintiff's failure to proffer evidentiary materials directly in opposition to a defendant's motion does not mandate the entry of summary judgment in favor of the defendant. *Id*.

In this case, the Court will exercise its discretion to consider Plaintiff's pleadings as competent summary judgment proof. *See Marshal v. Valdez*, No. 3:02-CV-1668-B (N.D. Tex. Nov. 30, 2004) (Boyle, J.) (declining to adopt in part United States Magistrate Judge's recommendation to deny Defendants' motion for summary judgment) (citing *Bookman v. Shubzda*, 945 F. Supp. 999, 1003 (N.D. Tex. 1996)(Fitzwater, J.); *Skotak v. Tenneco Resins, Inc.*, 935 F. 2d 909, 915 n. 7 (5th Cir. 1992)). Additionally, the Court takes into consideration the fact that discovery has, at least in part, been stayed in this case. *See Borroto v. Wilson*, 2002 WL 24260, *2 (N.D. Tex. Jan. 7, 2002) (noting the Fifth Circuit's reversal and remand of a no-evidence summary judgment in favor of a defendant where discovery had been stayed).

**VI.**

Defendants contend they are entitled to summary judgment based upon the defense of qualified immunity. Qualified immunity protects public officials in the course of performance of their discretionary duties unless their conduct violates "clearly established [federal] statutory or constitutional [law] . . . of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987). The qualified immunity defense was intended to balance the need to stem abuses of office with the expense of litigation, the diversion of official energy from pressing public issues, and deterrence from government service. *Harlow*, 457 U.S. at 818. *See also Scheuer v. Rhodes,* 416 U.S. 232, 247 (1974). It protects these competing interests while allowing trial courts to resolve "insubstantial claims" before discovery and trial. *Harlow*, 457 U.S. at 818. *See also Elliott v. Perez,* 751 F.2d 1472, 1478 (5th Cir.1985) (noting *Harlow* recognized officials are entitled to be free from "overwhelming preliminaries of modern litigation" until the court considers the right to immunity).

The threshold inquiry for the court in ruling on the issue of qualified immunity is as follows:"[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001)(citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). Then, the Court must determine whether the official's conduct was objectively reasonable under the circumstances. *See Siegert*, 500 U.S. at 231. Excessive force may violate the Constitution if a plaintiff proves: (1) an injury; (2) which resulted directly and only from the use of force that was clearly excessive to the need; and (3) the excessiveness of which was objectively unreasonable. *Span v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993); *see also Heitschmitdt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998). Objective reasonableness of the officers' conduct must be gauged by the totality of the circumstances. *Stroik v. Ponseti*, 35 F.3d 155,

8

158 (5th Cir. 1994).

The objective reasonableness of Defendants' conduct in this case hinges on facts that remain in dispute. The chain of events after Defendants placed Plaintiff in the single cell is controverted. Taking Plaintiff's sworn pleadings and viewing them in the light most favorable to the non-moving party, the Court finds that they raise a fact question as to whether Defendants used excessive force in restraining Plaintiff. No reasonable officer would believe that it was lawful to restrain an inmate while another officer beat him. Additionally, no reasonable officer would believe that it was lawful to beat an inmate in the face while three other officers restrained him. A factual dispute exists over whether officer Turner remained in the holding cell. Additionally, a factual dispute exists over whether Defendants lawfully restrained Plaintiff for refusal to obey a lawful order or whether Plaintiff's version of the facts is true. Thus, the material issue of the objective reasonableness of Defendants' actions exists, and, until resolved, leaves the issue of qualified immunity for later resolution. Defendants are not entitled to summary judgment on Plaintiff's excessive force claims.

Defendants argue that Plaintiff suffered only *de minimis* injuries. A prisoner's civil rights action requires an injury that is more than *de minimis,* but need not be significant. *See e.g., Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). According to Parkland Hospital Records, Plaintiff suffered a concussion, a serious injury. Additionally, Plaintiff swears that his injuries include two black eyes and a broken nose. Thus, Defendants' claim that Plaintiff's injuries are *de minimis* is controverted.

Due to discrepancies between the parties' versions of events, the Court finds there are genuine issues of material fact regarding the need for an application of force, the relationship between the need for and amount of force used, and the threat Defendants perceived. Defendants' Motion for

9

Summary Judgment on Plaintiff's excessive force claims should be denied at this stage of the proceedings. This is not a recommendation that Defendants will not be entitled to qualified immunity as a matter of law in this case. Rather, due to disputed issues of material fact in the record Defendants have not shown at this stage of the proceeding that they are entitled to immunity from suit. Therefore the District Court should deny Defendants' motion for summary judgment.

## **Recommendation**

Genuine issues of material fact exist with respect to Plaintiff's claim that Defendants used excessive force while they were restraining him in the single cell. Accordingly, the Court recommends that the District Court deny Defendants' Motion for Summary Judgment and that this case be returned to the docket of the District Court.

**SO RECOMMENDED**, April 3, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).